UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER J. JOHNSON[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 4:12-cv-01604-RWS |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS**

Defendant, the Social Security Administration ("agency"), by and through its undersigned counsel, offers the following Reply in support of its Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12 (b)(6).  Additionally, Defendant hereby incorporates by reference its Motion to Dismiss and the Memoranda in Support of the Motions to Dismiss.

**I. Defendant has fully satisfied Plaintiff's FOIA request**

In Plaintiff's FOIA request, she asked for the last name of the Administrative Law Judge (ALJ) "currently scheduled" to preside at her hearing in addition to any written policy regarding the withholding of the ALJ's name prior to the administrative hearing.  Plaintiff received the responsive written documentation pursuant to her FOIA request and admits that she now knows the name of the only ALJ assigned to her case.  But, Plaintiff argues that her request for the ALJ's name was "time-sensitive," and the fact that she now knows the name of that ALJ does not render this lawsuit moot.  Pl.'s Response, pp. 1-2.  Plaintiff contends that her FOIA request

---

[1]Heather J. Johnson was formerly known on these pleadings as Heather J. Sparks.

was for pre-hearing information that was not needed at the time of the hearing, and that the agency's subsequent provision of this information in her FOIA request is not responsive. Pl.'s Response, p. 2. Plaintiff alleges that not knowing the name of the ALJ prior to her hearing resulted in "months of unnecessary delay," poor preparation for her hearing, and a deprivation of her pre-hearing communication with the ALJ. Pl.'s Response, p. 2.

Contrary to Plaintiff's assertions, her FOIA claim in this matter is moot because the agency has produced all of the information she requested. *See Cornucopia Institute v. USDA*, 560 F.3d 673, 675 (7th Cir. 2009); *see also Heide v. LaHood*, 406 Fed. Appx. 83, *1 (8th Cir. 2010); *Urban v. U.S.*, 72 F.3d 94, 95 (8th Cir. 1995). Under FOIA, a court only has the authority to enjoin an agency from withholding records and order that the agency produce the records. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). If the records are produced, the controversy, and a court's ability to do anything relating to it, disappears. *Id.* Plaintiff's argument that her request was time-sensitive and that she has suffered harm due to the late release of the information is without merit. Courts have found that "'however fitful or delayed the release of information under FOIA may be... if we are convinced [agencies] have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'" *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987)(quoting *Perry*, 684 F.2d at 125). Since ALJ Robison was the one and only ALJ assigned to Plaintiff's case, there is no other information the agency can release to Plaintiff and thus, no relief this Court can grant. Because the agency has released all of the requested information to Plaintiff, this case must be dismissed because this Court can longer grant any effectual relief under the FOIA--including declaratory relief. *See Cornucopia*, 560 F.3d at 676; *see also Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240-41 (1937).

Even assuming *arguendo* that the delay or harm Plaintiff suffered was relevant under FOIA, Plaintiff's assertions do not demonstrate that she suffered any harm.  There is no evidence that her FOIA request delayed her administrative hearing or any of its proceedings. While Plaintiff contends that she was poorly prepared, there is nothing to support this statement, but her mere assertions.  Furthermore, Plaintiff was not deprived of any pre-hearing communication with the ALJ simply because she did not know his name.  If Plaintiff wanted to have some type of pre-hearing communication with the ALJ, all she needed to do was submit her request to the hearing office.  She did not need the name of the ALJ to do so.  The request for pre-hearing communication would have been directed to the appropriate ALJ for response. Plaintiff does not contend that she made any such efforts, nor that her request was denied.  The actual events demonstrate that without knowing the name of the ALJ prior to the hearing, Plaintiff's claim was able to proceed in an efficient and timely manner.  Plaintiff's claims that knowing the ALJ's name prior to the hearing could have somehow sped up the process, is based on pure speculation.

**II.  Plaintiff's FOIA denial does not fit within the mootness exception**

Plaintiff also argues that Defendant's FOIA denial is capable of repetition yet evading review because there is not enough time for the court to review this action and there is a reasonable expectation that she will be subject to the same action again.  Plaintiff contends that there is a "high chance" she will need to appeal for another ALJ hearing at a later time. Pl.'s Response, p. 4.  She analogizes that the likelihood for her need for a subsequent hearing is similar to an election issue that occurs on a regular basis or a pregnancy issue that often comes more than once to the same woman.  Pl.'s Response, p. 5.

The exception to the mootness doctrine that allows courts to decide issues that are "capable of repetition, yet evading review" is narrowly applied. *See Minnesota Humane Society v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). In order to fall under this exception, Plaintiff must show that there is a reasonable expectation that she will be subject to the same action again. *See Rice v. Kempker,* 374 F.3d 675, 678 (8th Cir. 2004); *Walsh v. Dept. of Veterans Affairs*, 400 F.3d 535, 537 (7th Cir. 2005)(theoretical possibility of Plaintiff having to wait for records again in a future FOIA request is not sufficient to keep his claim alive). In this case, Plaintiff cannot show that she has a reasonable expectation of another hearing before an SSA ALJ. Certainly, the number of hearings before an ALJ does not occur on a regular basis such as an election, nor is there any evidence that most individuals are likely to have at least two hearings before an SSA ALJ. *See Johansen v. City of Bartlesville, Okl.*, 862 F.2d 1423, 1426 n. 3 (10th Cir. 1988) (finding that situations where the controversy has been resolved and is unlikely to recur between the two parties to be distinguishable from situations that have been found to meet the mootness exception, such as pregnancy and election law controversies). At best, Plaintiff can only point to the mere possibility of her[2] having another hearing before an ALJ in the future, but this is insufficient to overcome the mootness doctrine. In order to use the "capable of repetition, yet evading review" exception, "[a] mere 'physical or theoretical possibility is insufficient; a 'demonstrated probability' must be shown." *McFarlin v. Newport Special School Dist.,* 980 F.2d 1208, 1211 (8th Cir. 1992).

---

[2] Furthermore, Plaintiff cannot rely on the claim that the same issue will occur in other Social Security claimants' cases in order to justify the present case going forward. *McFarlin,* 980 F.2d at 1211. ("This doctrine does not apply when the issue might recur in someone else's case, but not the plaintiff's.")

4

In her Response, Plaintiff states that even if she is found disabled by the ALJ, she must still undergo a financial review to determine the amount of her SSI benefits, and if she is dissatisfied with the calculations, she will have appeal rights and be "likely" to request another hearing.  Pl.'s Response at p. 4.  While it is possible that Plaintiff may have a discrepancy with the amount of benefits awarded and could appeal her award of benefits, it is not "likely" that this type of issue would warrant a hearing before an ALJ.  SSI benefits are calculated through the use of a formula.  See 20 C.F.R. § 416 Part 400, Subpart D; Program Operations Manual System (POMS) SI §§ 02005.000 - SI 02005.100 (http://policy.ssa.gov/poms.nsf/lnx/0502005000).  This issue would more likely be resolved administratively rather than appealed to an ALJ.[3]  Plaintiff also contends that a continuing disability review of her condition will occur at a later date and suggests that she would perhaps, at some point, appeal any such review to the level of an administrative hearing.  Id.  However, not all SSI beneficiaries undergo continuing disability reviews.  See 20 C.F.R. § 416.990 (2012).  Furthermore, while it is possible that she could undergo such a review, Plaintiff is also assuming that she will disagree with the agency's decision such that she will need an administrative hearing.

At this point, it is merely theoretical that Plaintiff would again be in a situation where she would have an administrative hearing before an SSA ALJ and make another FOIA request.  Plaintiff cannot show any demonstrated probability that she will have another such hearing before an SSA ALJ as the necessity of such hearings depends on a variety of events taking place.  In fact, it is probable that Plaintiff will never have another hearing before an SSA ALJ.  Thus,

---

[3] If Plaintiff is dissatisfied with the amount of benefits awarded, her Awards Notice will notify her of her appeal rights.  If she appeals and is dissatisfied with the initial determination, she may request a hearing before an ALJ.  See 20 C.F.R. §§ 416.1404 - 416.1406.  The reconsideration level of the appeal process has been eliminated in Missouri.  See 20 C.F.R. § 416.1406 (b)(4).

5

Plaintiff does not have a reasonable expectation that the issue in the present Complaint will recur and therefore, she cannot overcome the fact that her claim is now moot since SSA has revealed the name of the ALJ assigned to her claim.

## **Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court enter its order dismissing Plaintiff's civil action pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Jane Rund*
By_____
JANE RUND, BAR #47298 MO
Assistant United States Attorney
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-7636
(314) 539-2777 FAX
Email: Jane.Rund@usdoj.gov

OF COUNSEL
Rhonda J. Wheeler
Acting Chief Counsel, Region VII
Social Security Administration

By
Martha Bohn Budetti #43929 MO
Assistant Regional Counsel
Social Security Administration
601 East 12th Street, Room 965
Kansas City, Missouri 64106

        Andrew F. Maunz #0083832 OH
        Attorney
        Social Security Administration
        Office of General Law
        Baltimore, Maryland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

    David D. Camp
    230 S. Bemiston Avenue, Suite 810
    St. Louis, Missouri 63105
    Attorney for Plaintiff

        */s/ Jane Rund*
        _____
        JANE RUND #47298 MO
        Assistant United States Attorney