UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER J. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12 CV 1604 RWS |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Heather Johnson filed this Freedom of Information Act (FOIA), 5 U.S.C. § 552 claim seeking to compel Defendant Social Security Administration (SSA) to reveal the name of the Administrative Law Judge (ALJ) assigned to preside over Johnson's disability benefits hearing.  It is undisputed that shortly after this lawsuit was filed, Johnson obtained the name of the ALJ.  SSA has moved to dismiss this case as moot under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  Because Johnson has obtained the information she sought, I will grant SSA's motion to dismiss.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff.  Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to

raise a right to relief above the speculative level." Id. at 555. Dismissal under Fed R. Civ. P. 12(b)(1) is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n. 9 (8th Cir. 2000). Mootness is a threshold jurisdictional issue. North Carolina v. Rice, 404 U.S. 244 (1971). See also State of S.D. v. Hazen, 914 F.2d 147, 149 (8th Cir. 1990) ("Because a moot case is not a case or controversy within the meaning of Article III of the United States Constitution, the mootness question is jurisdictional." (citing Rice, 404 U.S. at 246)).

### *Discussion*

Plaintiff Johnson applied for disability benefits from SSA. On June 21, 2012, Johnson's claim was set for a hearing before an ALJ on September 5, 2012. The notice of the hearing did not provide the name of the ALJ. Johnson's counsel asserts that knowing the name of the ALJ is important because it allows counsel to contact the ALJ before the hearing if necessary. It also allows the attorney to prepare for the hearing based on the particular hearing requirements of each ALJ.

On June 22, 2012, Johnson submitted a FOIA request to SSA seeking the name of the ALJ scheduled to conduct the hearing. SSA declined to reveal the name of the ALJ citing two FOIA exemptions from disclosure: 5 U.S.C. § 552(b)(2) (exemption for the internal personnel rules and practices of an agency) and 5 U.S.C. § 552(b)(7)(E) (exemption for law enforcement information).

Johnson's hearing was held on September 5, 2012. Johnson learned the identity of the ALJ thirty minutes prior to the hearing. Johnson filed the present lawsuit two days later on September 7, 2012. SSA filed a motions to dismiss asserting that Johnson's claim is moot because Johnson has already obtained the information she sought, the name of the ALJ. That information was released to Johnson before this lawsuit was filed. Johnson asserts that her claim is not moot because the issue of being denied the name of an ALJ before a hearing is capable of

repetition and yet evade judicial review.

A claim for relief for a FOIA violation becomes moot once the information sought is obtained.  See Anderson v. U.S. Dep't of Health & Human Servs., 3 F.3d 1383, 1384 (10th Cir. 1993) ("[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.").  See also Walsh v. U.S. Dep't of Veterans Affairs, 400 F.3d 535, 536–37 (7th Cir. 2005); Perry v. Block, 684 F.2d 121, 125 (D.C.Cir.1982) ( "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").  Because Johnson has already obtained the name of the ALJ (as noted above she got this information before this case was filed) her claim to receive that information is moot.

Johnson asserts that her claim falls under an exception to the mootness doctrine because it is capable of repetition, yet evading review. This exception allows courts to hear otherwise moot cases when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  Weinstein v. Bradford, 423 U.S. 147, 149 (1975).  A claim "evades review" when the period controversy is fleeting by nature, such as an election cycle or a nine-month pregnancy. See Dunn v. Blumstein, 405 U.S. 330, 364 n. 2 (1972); Roe v. Wade, 410 U.S. 113 (1973).  This exception is extraordinary and narrowly applied.  Minnesota Humane Society v. Clark, 184 F.3d 795, 797 (8th Cir. 1999).  In order to apply this exception a plaintiff must show there is a reasonable expectation she will be subject to the same action again.  Rice v. Kempker, 374 F.3d 675, 678 (8th Cir. 2004)(citing Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498 (1911)).

Johnson asserts that the time between her receipt of the notice of a hearing date before an ALJ and the date of the hearing is between one and five months.  She asserts that this time frame is too limited to exhaust her administrative remedies with the SSA to obtain the ALJ's name, file

a complaint in federal court, serve the complaint on SSA, and receive a ruling on the merits from the court.  Although Johnson has already received the information she seeks in this case she asserts that she may seek this information in a future hearing with SSA and that she will be subject to the same action again.

Johnson has cannot show that she has a reasonable expectation of having another hearing before an SSA ALJ.  She asserts that she will be subject to continuing disability reviews in the future.  If benefits are denied in the future she may seek a review which could lead to a hearing before an ALJ.  She also asserts that she may at some point challenge the amount of Supplemental Security Income (SSI) benefits which also could lead to a hearing before an ALJ.  However, in order to use the capable of evading review exception, a "mere physical or theoretical possibility is insufficient; a demonstrated probability must be shown.  McFarlin v. Newport Special School Dist., 980 F.2d 1208, 1211 (8th Cir. 1992).  Johnson's complaint asserts only remote possibilities of appearing before an ALJ in the future.  As a result she cannot meet the capable of evading review exception to the mootness doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Social Security Administration's motion to dismiss [#9] is **GRANTED**.

                                                  RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2013.